JIAN LEI CHEN, aka Jianlei
Chen, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondent.

No. 14–950.

United States Court of Appeals,
Second Circuit.

March 30, 2015.

Jian Lei Chen, pro se, Fresh Meadows,
New York, for Petitioner.

Stuart F. Delery, Assistant Attorney
General, Mary Jane Candaux, Assistant
Director, Nicole J. Thomas–Dorris, Trial
Attorney, Office of Immigration Litigation,
for Respondent.

PRESENT: DENNIS JACOBS,
PETER W. HALL and DENNY CHIN,
Circuit Judges.

**SUMMARY ORDER**

Petitioner Jian Lei Chen, a native and
citizen of the People's Republic of China,
seeks review of a January 17, 2014, deci-
sion of the BIA affirming a December 7,
2011, decision of an Immigration Judge
("IJ") denying Chen's application for asy-
lum, withholding of removal, and relief un-
der the Convention Against Torture
("CAT"). *In re Jian Lei Chen,* No. A200
933 701 (B.I.A. Jan. 17, 2014), *aff'g* No.
A200 933 701 (Immig.Ct.N.Y. City Dec. 7,
2011). We assume the parties' familiarity
with the underlying facts and procedural
history in this case.

Under the circumstances of this case, we
review both the IJ's and the BIA's opin-
ions "for the sake of completeness."
*Wangchuck v. Dep't of Homeland Sec.,* 448
F.3d 524, 528 (2d Cir.2006). The applica-
ble standards of review are well estab-
lished. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia
Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d
Cir.2008). The agency may, "[c]onsidering
the totality of the circumstances," base a
credibility finding on inconsistencies in an
asylum applicant's statements and other
record evidence "without regard to wheth-
er" they go "to the heart of the applicant's
claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu
Xia Lin,* 534 F.3d at 163–64. Substantial
evidence supports the agency's determina-
tion that Chen was not credible.

The agency reasonably relied on several
discrepancies in the record. For example,
Chen testified that his mother arranged
for his girlfriend to deliver their baby at a
private hospital on a date eleven months
after they discovered she was pregnant.
The IJ was not compelled to credit Chen's
explanation that he was young and un-
aware of the normal gestation period be-
cause presumably both his mother and the
hospital with which she made arrange-
ments would have had such knowledge.
*See Majidi v. Gonzales,* 430 F.3d 77, 80

**6**

(2d Cir.2005). The agency also reasonably relied on record inconsistencies related to whether Chen told doctors at a public hospital that he had been beaten, and whether family planning officials arrested Chen at his house or his father's house. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 165–67. Having questioned Chen's credibility, the agency reasonably relied further on his failure to provide credible evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir.2007).

Given the inconsistency and corroboration findings, which called into question whether there was any pregnancy or beating—the two main facts underlying the claim—the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Chen's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 18 34.1(b).